■ BIAGIO GUILIANO et al., Plaintiffs, v RAYMOND G. CAR-LISLE et al., Respondents, HIGHVIEW-NYACK PROPERTIES, INC., Appellant, et al., Defendants. (And a Third-Party Action.) [655 NYS2d 997] —In an action, *inter alia,* to recover damages for breach of contract, the defendant Highview-Nyack Properties, Inc. appeals from so much of an order of the Supreme Court, Rockland County (Meehan, J.), dated May 14, 1996, as (1) denied its motion for summary judgment dismissing the fifth counterclaim of the defendants Raymond Carlisle and AARK Construction Corp., and (2) refused to award it judgment on its sixth cross claim.

Ordered that the order is affirmed insofar as appealed from, with costs.

As the Supreme Court correctly found, there are issues of fact as to whether the parties' agreement was in effect in November 1990 when the defendants AARK Construction Corp. (hereinafter AARK) and Raymond Carlisle allegedly breached the agreement by filing their mechanic's lien without posting a $300,000 bond. The agreement expressly provided in Subparagraph 3 (e) that its prohibition against the filing of any liens would endure "so long as the terms of this agreement remain in full force and effect and there is no default nor abrogation of any terms of this agreement". However, there is a question of fact, *inter alia,* as to whether the plaintiffs and/or the appellant ever honored the requirement of Subparagraph 3 (g) that AARK be paid a "management fee" of $250 a week, and, if they did not, whether the failure to do so constituted a "default" that "abrogated" the agreement.

It is also unclear what damages, if any, the appellant suffered from AARK filing its lien, as AARK released its lien with respect to each condominium unit as it was sold. Sullivan, J. P., Santucci, Friedmann and McGinity, JJ., concur.